TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: 702.786.1001
Facsimile: 702.786.1002

Thomas C. Hardy (*pro hac vice*)
REED SMITH, LLP
10 S. Wacker Dr., 40th Floor
Chicago, Illinois 60606
Telephone: (312) 207-1000
thardy@reedsmith.com

*Attorneys for Defendant Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield and HMO Colorado, Inc. d/b/a HMO Nevada*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN P. BRAZELTON, an Individual; NATHALIE HUYNH, an Individual; and JHB, an Individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICES, INC., a Colorado Corporation doing business as HMO Nevada, Anthem Blue Cross and/or Blue Shield; HMO COLORADO, INC., a Colorado Corporation doing business as HMO Nevada, Anthem Blue Cross and/or Blue Shield; BLACK CORPORATIONS 1-10, AND DOES I-X, INCLUSIVE, <br><br> Defendants. | Case No. 2:24-cv-00994-GMN-BNW <br><br> **[PROPOSED] PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

To facilitate discovery and protect, pursuant to Federal Rule of Civil Procedure 26(c), the confidentiality of, and rights to, information and documents disclosed in connection with this litigation, the Parties hereby agree to the following:

WHEREAS, good cause exists to protect the confidential nature of the information contained in all documents, interrogatory responses, responses to requests for admission, deposition testimony or any other document concerning this action. Because this action arises out of a dispute concerning the Parties' rights and obligations under an agreement concerning payment for the provision of

medical services, the Parties may request and/or exchange commercial agreements and terms, medical records, and other trade secrets or confidential information not generally known to third parties. Thus, the Parties have agreed to the entry of this Protective Order and Confidentiality Agreement (the "Protective Order") for the protection of business records, information, medical records, trade secrets, confidential records, commercial information, and related information produced or otherwise disclosed by the Parties in this action.

WHEREAS, the Parties desire to minimize the necessity for objections and motions and to avoid interruption or delay in the flow of information relevant to this litigation by piecemeal motions for protective orders or other unnecessary discovery motions;

THEREFORE, the parties, by and through their respective counsel, hereby stipulate and agree, subject to the Court's approvals, as follows:

1. **Scope of Order**. This Order governs all materials designated as "Confidential" and "Confidential – Attorney's Eyes Only" ("collectively, "Confidential Material") produced or exchanged in the course of this Action, which shall be used solely for the purpose of prosecuting or defending this Action, including mediation, trial preparation, and trial, and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Protective Order. Nothing in this Paragraph or this Protective Order prohibits the Parties from complying with their reporting requirements to governmental departments or agencies. This Protective Order does not restrict or otherwise govern a Party's or Non-Party's use of its own Confidential Material.

2. **Applicability**. This Protective Order is applicable to Plaintiffs Steven P. Brazelton, Nathalie Huynh, and JHB and Defendants Rocky Mountain Hospital and Medical Service, Inc. dba Anthem Blue Cross and Blue Shield and HMO Colorado, Inc. dba HMO Nevada, any additional parties joined in this action, and any third parties over whom this Court has jurisdiction that are required to respond to discovery in this matter or provide initial disclosures, for the sole purpose of facilitating discovery and disclosures in the above-captioned civil action (the "Action").

3. **Non-waiver**. The production of documents and information shall not constitute a waiver of any privilege (including, without limitation, the attorney-client privilege and the attorney

work product privilege) applicable to the produced materials. The fact of production of privileged information or documents by any producing Party in this Action shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Protective Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

4. **Designation of Confidential Material**. For purposes of this Protective Order, any Party to this litigation and any third party shall have the right to designate as "Confidential" any information, document or any portion of a document, and any other thing, material testimony, or other information that it reasonably and in good faith believes contains or reflects (a) information required by law or agreement to be kept confidential; or (b) Patient Health Information, Patient Identifying Information, or other HIPAA Information further defined in Paragraph 5 below; or (c) other sensitive personal, financial or professional information that is generally unavailable to the public and that, if made available to the public, may be injurious to the party's personal, financial or professional interests. Any Party to this litigation and any third-party shall have the right to designate as "Confidential – Attorney's Eyes Only" and subject to this Protective Order any information, document, or thing, or portion of any document or thing that reflects and/or contains pricing or rate information that is not publicly available, highly sensitive business or competitive, non-public business information that, if made public, would give competitors an unfair business information advantage or would reveal trade secrets. In designating Confidential Material, a Party will make such designation only as to that information that it in good faith believes is confidential information. Information or material which is available to the public (not including the particular patients whose information is being disclosed), including catalogues, advertising materials, and the like, shall not be classified as Confidential Material.

5. **HIPAA Information**. The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal information covered under the Health Insurance Portability and Accountability Act ("HIPAA"), including Protected Health Information, Individually Identifiable Information, and any other protected information, as defined by

– 3 –

the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, and agree that any such information may be designated as "Confidential."

    (a)    <u>Protected Health Information</u>. Protected Health Information, as used herein, shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes but is not limited to: medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from patient health information.

    (b)    <u>Individually Identifiable Information</u>. Individually Identifiable Information, as used herein, means information referred to and identified in 45 C.F.R. §164.514(b), including, but not limited to: name; address; names of relatives; name of employers; all elements of dates; telephone numbers; fax numbers; electronic mail addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; certificate/license numbers; Internet Protocol (IP) address numbers; biometric identifiers; full face photographic images; claim numbers, member identification numbers, dates of service, utilization management reference numbers, or any other unique identifying numbers, characteristic, or code of any patient.

    (c)    <u>Covered Entities</u>. Additionally, the Parties and their attorneys and any future parties and their attorneys in this Action, and any "covered entities," as that term is defined in 45 C.F.R. § 160.103, are hereby authorized to receive, subpoena, disclose, and transmit Confidential Material to the extent and subject to the conditions outlined herein.

**6.     Time Period for Protection**. Except as otherwise provided herein, any information, document, data, thing, deposition testimony, or interrogatory answer produced, given, or served pursuant to discovery requests in this Action and designated by the producing Party as Confidential Material, or any information contained in or derived from any of the foregoing Confidential Material, shall be subject to the provisions of this Protective Order until further Order of the Court.

**7.     Document Production and Exhibits**. Confidential Material shall be designated as "Confidential" or "Confidential – Attorney's Eyes Only" by including a legend of "Confidential" or "Confidential – Attorney's Eyes Only" on each page thereof as to which confidentiality is claimed. Any mark made to identify a document as "Confidential" or "Confidential – Attorney's Eyes Only" shall be made so as not to obscure any of the Confidential Material's content. With respect to any Confidential Material designated "Confidential" or "Confidential – Attorney's Eyes Only" that is not produced in paper form (such as flash drives, compact discs, DVDs, magnetic media, and other Confidential Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party shall, to the extent practicable, produce such Confidential Material with a cover labeled "Confidential" or "Confidential – Attorney's Eyes Only" and shall inform all counsel in writing of the "Confidential" or "Confidential – Attorney's Eyes Only" designation of such Confidential Material at the time it is produced.

**8.     Depositions**. A deposition or portion thereof shall be designated as "Confidential" or "Confidential – Attorney's Eyes Only" by making such designation on the record during the deposition or by denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Confidential – Attorney's Eyes Only" within thirty (30) business days of receiving the transcript and exhibits and so informing all other Parties of such designation. Until the 30-day period to designate deposition testimony as "Confidential" or "Confidential – Attorney's Eyes Only" has passed, the deposition transcript shall be treated as "Confidential" or "Confidential – Attorney's Eyes Only." Notwithstanding the above, persons attending depositions by agreement of the Parties must leave the room before any discussion of any Confidential Material, unless the person is entitled to review the Confidential Material under the applicable provisions of Paragraph 10 and Paragraph 11 of this Protective Order.

9. **Restrictions on Use of Confidential Material.** Except as agreed to by the designating Party or its counsel or as otherwise provided herein, information designated as "Confidential" or "Confidential – Attorney's Eyes Only":

(a) Shall be maintained in confidence by the counsel to which it is furnished;

(b) May be disclosed by such counsel only to authorized persons entitled to access thereto under Paragraphs 10 and 11 below;

(c) May be used by such counsel and the authorized person to whom it is disclosed only for the purposes permitted under Paragraph 1 above and for no other purpose; and

(d) May be photocopied or reproduced only as reasonably necessary for this Action.

Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Party designating the information as "Confidential" or "Confidential – Attorney's Eyes Only" consents in writing to such disclosure, or if the Court, after Notice to all affected Parties, orders such disclosure.

10. **Authorized Users of Material Designated "Confidential."** Except as agreed to by the designating Party or its counsel or as otherwise provided herein, materials designated as "Confidential" subject to this Protective Order, or extracts or summaries therefrom, shall not be given or shown to any person except the following:

(a) In-house counsel and outside counsel of record for any Party engaged in this Action and the regular employees of such outside counsel to whom it is necessary that the material be shown for purposes of this Action;

(b) Any individual Party and employees of a corporate Party actively engaged in assisting that Party's counsel in this Action, to the extent reasonably necessary to enable the counsel for that Party to render professional services in this Action;

(c) Persons not owners, officers, directors, managers, shareholders, or employees of any Party who are expressly retained to assist such Party's counsel ("Retaining Counsel") in the preparation of this Action for final hearing including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"),

after such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A;

(d) Any Party's outside copy/document preparation service, which includes any e-discovery consultants and trial consultants;

(e) The court and court officials (including court reporters), pursuant to a sealing order;

(f) Persons who had or would have previously received the designated materials, such as authors or recipients of electronic communications;

(g) A corporate Party's corporate representative, such as a Fed. R. Civ. P. 30(b)(6) deposition witness;

(h) A mediator selected or agreed upon by the Parties in connection with any attempted resolution of the Action; and

(i) Any other person who subsequently is designated by (i) written agreement of all the Parties after a request by one of them, or (ii) by order of the Court upon motion by a Party, after notice to all the Parties.

No person allowed to view materials designated as "Confidential" shall use any such materials for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties in this Action, and each person shall make the best efforts necessary to protect the confidentiality of the material.

**11.     Authorized Users of Material Designated "Confidential – Attorney's Eyes Only."** Except as agreed to by the designating Party or its counsel or as otherwise provided herein, materials designated as "Confidential—Attorney's Eyes Only" subject to this Protective Order, or extracts or summaries therefrom, shall not be given or shown to any person except the following:

(a) Outside counsel of record for any Party engaged in this Action and the regular employees of such outside counsel to whom it is necessary that the material be shown for purposes of this Action.

(b) Those persons listed in Paragraphs 10(c), (d), (e), (f), (h), and (i).

No person allowed to view materials designated as "Confidential – Attorney's Eyes Only" shall use any such materials for any purpose except as needed solely in connection with or to assist in

– 7 –

the prosecution or defense of the claims between the Parties in this Action, and each person shall make the best efforts necessary to protect the confidentiality of the material.

**12. Disclosure to Unauthorized Persons**. If counsel wishes to disclose Confidential Material to any person not designated in Paragraph 10 or Paragraph 11 above, they must proceed in the following manner: the names of the persons to whom the Confidential Material is to be disclosed and a description of the Confidential Material to be disclosed to such persons shall be provided in writing to counsel for the producing Party fourteen (14) days in advance of disclosure to afford counsel an opportunity to object to disclosure. If no objection is made within the 14-day period, disclosure to such named persons may be made after the expiration of such 14-day period. If an objection is made within the 14-day period, the Party proposing the disclosure must seek an Order from the Court to allow the proposed disclosure and such Confidential Material shall not be disclosed pending a decision by the Court on such motion. Any person who becomes authorized to receive Confidential Material pursuant to this Paragraph (whether such authorization arises from the lack of an objection or from the Court's ruling on a motion for disclosure) shall, unless the Court directs otherwise, prior to the receipt of Confidential Material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit A. Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order.

**13. Subpoena or Other Demand for Production**. If a Party or its counsel receives a discovery request, subpoena, or order of any court or other tribunal in another case or proceeding for materials designated by another Party as "Confidential" or "Confidential – Attorney's Eyes Only," the Party receiving the request for such materials shall: (a) within a reasonable time, no later than ten (10) days after counsel's receipt of such request or demand and prior to responding to the request or demand, notify counsel for the Party whose material is sought, in writing and by providing a copy of the request or demand; (b) provide a reasonable time for the Party whose material is sought to seek to protect its material from disclosure prior to producing or disclosing the requested material; and (c) provided that the Party whose material is sought makes a timely motion or other application for relief from the request or demand in the appropriate forum, shall not produce or disclose the requested

material without written consent of the Party whose material is sought or until ordered by a court of competent jurisdiction to do so.

14. **Challenging Designation**. If any Party reasonably and in good faith believes that any Confidential Material has been misclassified under this Protective Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Protective Order, that Party must notify the producing Party in writing and provide a description of the Confidential Material which the objecting Party believes should be freed from the constraints of this Protective Order, and serve copies of such notice to lead counsel for all other Parties herein. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement, the designating Party may make a motion to the Court to uphold such designation.

15. **Use of Confidential Material in Filings or at Trial**. In the event any material designated as "Confidential" is submitted or otherwise disclosed to the Court in connection with motions and proceedings in this Action, the filing party shall take all necessary steps to ensure that the material is filed under seal. For the purpose of trial and/or dispositive motions, the Parties acknowledge that a "strong presumption in favor of access" exists. A party seeking to seal a judicial record at trial and/or the dispositive motion stages bears the burden of establishing "compelling reasons" by "articulating reasons supported by specific factual findings," that outweigh the public policies favoring disclosure. *See Kamakana v. City and County of Honolulu*, 447 F.d 1172, 1178-79 (9th Cir. 2006).

16. **No Waiver**. This Protective Order shall not be deemed a waiver of:
  (a) Any Party's right to object to any discovery requests on any ground;
  (b) Any Party's right to seek an order compelling discovery with respect to any discovery request;
  (c) Any Party's right to object to the admission of any evidence on any ground;
  (d) Any Party's right to use its own documents and its own Confidential Material in its sole and complete discretion; or
  (e) The status of any material as a trade secret.

17. **Retroactive Designation and Inadvertent Disclosure**. Any documents previously produced shall be retroactively designated by notice in writing of the designated confidentiality class

of each document (including, if possible, by Bates number). The inadvertent or unintentional designation or production of documents containing, or other disclosure of, confidential information without being designated as "Confidential" or "Confidential – Attorney's Eyes Only" at the time of designation, production, or disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or secrecy, either as to the specific information or as to any other information relating thereto or on the same or related subject matter. Any inadvertent designation or disclosure shall be corrected as soon as reasonably possible after the designating Party becomes aware of the error.

18. **Claw Back of Privileged & Protected Materials**. A producing Party may assert privilege or protection over produced Information at any time by notifying the receiving Party in writing of the assertion of privilege or protection, except that:

(a) Affirmative use of Information by the producing Party in the case waives privilege and protection with respect to it, and of other ESI and documents to the extent provided by Fed. R. Evid. 502(a); and

(b) Upon use in the case by another of Information that was produced by a Party, that producing Party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

19. **Disputing Claims of Privilege/Protection Over Produced Documents**. Upon receipt of notice of the assertion of privilege or protection over produced information, the receiving Party shall:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing Party, and maintain the contested Information in confidence pending resolution of the contest by the Court; and

(b) to whatever extent the receiving Party does not contest the assertion of privilege or protection, promptly certify in writing to the producing Party that it has returned or destroyed the applicable Information and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced information that cannot be resolved amicably after meeting and conferring in good faith, either Party may bring the contest to the attention of the Court by motion.

20. **Re-production of Electronic Media Containing Clawed-Back Material**. Where the Parties agree, or the Court orders, the claw back of material protected by the attorney-client, work product, or other privilege, and such material was originally produced in electronic format on media containing production materials, the producing Party shall promptly provide replacement production media, omitting the privileged material, to the receiving Party, and the original media and data shall be returned or destroyed.

21. **Identification of Inadvertently Disclosed Privileged Material by the Receiving Party**. Nothing in this Protective Order shall relieve counsel for any receiving Party of any existing duty or obligation to return, and not to review, any privileged or work product materials without being requested by the producing Party to do so. Rather, in the event a receiving Party becomes aware that it is in possession of what appears to be inadvertently produced privileged material, then the receiving Party shall immediately: (i) cease any further review of that material; and (ii) notify the producing Party of the apparent inadvertent production, requesting whether the producing Party intended for the material to be produced. In the event the producing Party confirms the inadvertent production of the privileged material, the receiving Party shall: (i) take reasonable steps to retrieve the privileged material from any persons to whom it disclosed or distributed such material; and (ii) promptly return or certify destruction of the privileged material, including all copies. For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within seven (7) days of notification.

22. **Responsibility of Counsel**. Counsel for the Parties to whom Confidential Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining the statement attached hereto as Exhibit A as and when required under the provisions of this Protective Order.

23. **Modification or Amendment of Agreed Order**. This Protective Order may be modified or amended either by written agreement of the Parties or by order of the Court upon good

cause shown. No oral waivers of the terms of this Protective Order shall be permitted between the Parties. Nothing herein shall prevent the Court from *sua sponte* altering the provisions of this Protective Order.

24. **Return or Destruction of Confidential Materials**. The provisions of this Protective Order shall continue in effect with respect to any material designated as "Confidential" or "Confidential – Attorney's Eyes Only" in its possession, custody, or control that did not originate from or was not produced by the Party (*e.g.*, discovery materials received from the opposing Party, including deposition transcripts) until expressly released by the producing Party of such material, and such effectiveness shall survive the final determination of this action. Within sixty (60) days of the final determination of this action, each receiving Party shall make reasonable efforts to return or destroy all material designated as "Confidential" or "Confidential – Attorney's Eyes Only," including all copies, derivations, and summaries thereof, and shall provide the producing Party with a written certification provided to the disclosing Party. This Paragraph includes the return or destruction or deletion of documents provided to any authorized person, including outside experts. However, counsel of record are permitted to retain a copy of all pleadings which may contain Confidential Material.

For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of: (i) full settlement of all claims asserted in this Action; (ii) final judgment herein after the completion and exhaustion of any rehearings, remands, trials, and reviews, if any, of this Action; or (iii) the expiration of all time limits under applicable law for the filing of or application for all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. The Court retains and shall have continuing jurisdiction for enforcement of the provisions of this Protective Order through the final determination of this action. Neither the termination of this Action nor the termination of employment of any person who had access to "Confidential" or "Confidential – Attorney's Eyes

Only" material shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

Dated this 17th day of September, 2024.

| | |
|---|---|
| Dated this 17th day of September, 2024. | Dated this 17th day of September, 2024. |
| PETERSON BAKER, PLLC | LAW OFFICES OF STEVEN BRAZELTON |
| */s/ Tamara Beatty Peterson*<br>Tamara Beatty Peterson, Esq. (#5218)<br>tpeterson@petersonbaker.com<br>701 S. 7th Street<br>Las Vegas, NV 89101<br><br>Thomas C. Hardy (*pro hac vice*)<br>thardy@reedsmith.com<br>REED SMITH, LLP<br>10 S. Wacker Dr., 40th Floor<br>Chicago, Illinois 60606<br><br>*Attorneys for Defendant Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield and HMO Colorado, Inc. d/b/a HMO Nevada* | */s/ Steven P. Brazelton*<br>Steven P. Brazelton (#5883)<br>601 S. Arlington Avenue<br>Reno, Nevada 89509<br><br>*/s/ Nathalie Huynh*<br>Nathalie Huynh (#5997)<br>601 S. Arlington Avenue<br>Reno, Nevada 89509<br><br>*Plaintiffs in Propia Persona<br>And Attorneys for JHB* |

**IT IS SO ORDERED.**

Dated: September 18, 2024

_____
UNITED STATES MAGISTRATE JUDGE