TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: 702.786.1001
Facsimile: 702.786.1002

Thomas C. Hardy (*pro hac vice*)
REED SMITH, LLP
10 S. Wacker Dr., 40th Floor
Chicago, Illinois 60606
Telephone: (312) 207-1000
thardy@reedsmith.com

*Attorneys for Defendant Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield and HMO Colorado, Inc. d/b/a HMO Nevada*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN P. BRAZELTON, an Individual; NATHALIE HUYNH, an Individual; and JHB, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICES, INC., a Colorado Corporation doing business as HMO Nevada, Anthem Blue Cross and/or Blue Shield; HMO COLORADO, INC., a Colorado Corporation doing business as HMO Nevada, Anthem Blue Cross and/or Blue Shield; BLACK CORPORATIONS 1-10, AND DOES I-X, INCLUSIVE,<br><br>Defendants. | Case No. 2:24-cv-00994-GMN-BNW<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(SECOND REQUEST)** |

Plaintiffs, Steven P. Brazelton, Nathalie Huynh, and JHB ("Plaintiffs") and Defendant Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Rocky Mountain") and HMO Colorado, Inc. dba HMO Nevada ("HMO Colorado") (collectively, "Defendants") by and through their respective counsel, hereby stipulate and agree, subject to the Court's approval, to extend certain discovery and pretrial deadlines. This is the second request to modify the Stipulated Discovery Plan and Scheduling Order [ECF No. 29], which was previously modified by the Parties' Stipulation to Extend Discovery Deadlines (First Request) {ECF No. 33}:

1. **A Statement Specifying the Discovery Completed to Date**:

On August 19, 2024, Plaintiffs served notice of third-party subpoenas on Syracuse RTC, LLC dba Elevations RTC; and Denials Management, Inc.

On August 28, 2024, Plaintiffs served their FRCP 26 Disclosures, together with an index of documents identified as B0001-B2169. On August 28, 2024, Defendant HMO Colorado served its Initial Disclosures, and on the same day, Defendant Rocky Mountain served its Initial Disclosures.

On September 18, 2024, the Court approved and entered the Parties' Protective Order and Confidentiality Agreement [ECF No. 31] ("Protective Order").

Following the entry of the Protective Order, Defendant HMO Colorado produced its documents identified as DEF_0000001-DEF_0001069, all identified as "Confidential" pursuant to the Protective Order.

On September 30, 2024, Plaintiffs served notice of third-party subpoenas duces tecum to Sutter Health; and The Menninger Clinic. On October 7, 2024, Plaintiffs served notice of third-party subpoenas duces tecum to Reno Behavioral Healthcare Hospital, LLC; and Willow Springs, LLC.

Additionally, on October 15, 2024, Plaintiff Steven P. Brazelton served his First Set of Interrogatories to HMO Colorado, Inc., and Plaintiff Nathalie Huynh served her First Set of Interrogatories to HMO Colorado, Inc. Finally, on October 15, 2024, Plaintiff JHB served her First Request for Production of Documents to HMO Colorado, Inc., and served her First Set of Interrogatories to HMO Colorado, Inc.

On November 7, Plaintiffs served notice of third-party subpoenas duces tecum to Willow Springs, LLC.

On November 21, 2024, Plaintiffs served notice of a motion to compel nonparty response to subpoena, filed as ECF No. 1 in Case 2:24-at-1470 in the Eastern District of California, seeking to compel non-party Sutter Health's compliance with a third-party subpoena.

On December 2, 2024, Plaintiffs served notice of amended subpoena duces tecum to Willow Springs, LLC.

On December 4, 2024, Defendant HMO Colorado served its Objections and Responses to Plaintiff JHB's First Set of Interrogatories to HMO Colorado, Inc.; its Objections and Responses to

Plaintiff JHB's First Request for Production of Documents; its Objections and Responses to Plaintiff Nathalie Huynh's First Set of Interrogatories to HMO Colorado, Inc.; and Defendant HMO Colorado, Inc.'s Objections and Responses to Plaintiff Steven P. Brazelton's First Set of Interrogatories to HMO Colorado, Inc.

On December 5, 2024, Plaintiffs served their First Supplemental FRCP 26 Disclosures.

2. **A Specific Description of the Discovery That Remains to Be Completed**:

Plaintiffs are in the process of collecting medical records, billing records, and other information and/or documents pertinent to their claims in this matter.

Similarly, Defendants are in the process of collecting additional medical records, billing records, and other information and/or documents pertinent to their defenses in this matter.

Plaintiffs and Defendants will continue to supplement their disclosures and it is anticipated that the Parties will seek to schedule depositions of parties and witnesses. The extended time will allow adequate time for the Parties to conduct discovery, including propounding and answering written discovery, retaining expert witnesses, and scheduling party, third-party, and expert witness depositions.

3. **Reasons Why Discovery Was Not Completed and Why an Extension is Necessary:**

On August 29, 2024, the Parties submitted their Stipulated Discovery Plan and Scheduling Order [ECF No. 28], which was approved by the Court on August 30, 2024. [ECF No. 29].

On November 14, 2024, the Parties submitted their Stipulation to Extend Discovery Deadlines (First Request) [ECF No. 33], which was approved by the Court on November 18, 2024. [ECF No. 34].

In the interim, Plaintiff Steven P. Brazelton became ill, rendering him unable to participate in discovery for nearly two months and delaying completion of discovery-related deadlines. In November 2024, Plaintiffs filed a motion to compel Sutter's compliance with Plaintiffs' subpoena that is pending in the United States District Court in Sacramento (Case 2:24-at-01470). The Parties are currently working together to develop a plan for ESI discovery. The Parties are also currently working together in a cooperative effort to resolve disputes regarding Defendant's objections to Plaintiffs' written discovery.

Through counsel, the Parties recently conferred about the need for additional time to collect, exchange, and analyze relevant documents and to conduct preliminary case resolution discussions. In light of these needs, the Parties mutually agree, subject to the Court's approval, to a further extension of all discovery-related deadlines by ninety (90) days.

The Parties agree that no Party will be prejudiced by the requested amendment to the Scheduling Order and that such an extension was not brought for any improper purpose. The Parties agree that as to the deadline for expert witnesses, excusable neglect exists to extend this deadline, since, despite the Parties' diligence, Plaintiffs are still in the process of collecting documents pertinent to their claims.

4. **Proposed Schedule for Completing all Remaining Discovery:**

The Parties respectfully request that this Court enter an Order setting the following schedule for all remaining discovery:

| Description | Current Deadline | Proposed Deadline |
|---|---|---|
| Initial Expert Disclosures | February 12, 2025 | May 13, 2025 |
| Rebuttal Expert Disclosures | March 17, 2025 | June 16, 2025 |
| Discovery Cut off | April 14, 2025 | July 14, 2025 |
| Dispositive Motion Deadline | May 13, 2025 | August 11, 2025 |
| Joint Proposed Pretrial Order | June 12, 2025 or<br>In the event that dispositive motions are filed, this date is suspended until thirty (30) days after the Court enters its decision on the dispositive motion(s) | September 10, 2025 or<br>In the event that dispositive motions are filed, this date is suspended until thirty (30) days after the Court enters its decision on the dispositive motion(s) |

Good cause exists here because the parties have been diligently working to conduct necessary discovery, engage in discussions regarding resolution of the matter, and need additional time for expert disclosures in light of outstanding discovery.

/ / /

/ / /

/ / /

1  This stipulation is without prejudice to either party, is made in good faith, with good cause,
2  and not for the purposes of unduly delaying discovery or trial.

4  Dated this 12th day of February, 2025.    Dated this 12th day of February, 2025.

5  PETERSON BAKER, PLLC    LAW OFFICES OF STEVEN BRAZELTON

7  */s/ Tamara Beatty Peterson*    */s/ Steven P. Brazelton*
Tamara Beatty Peterson, Esq. (#5218)    Steven P. Brazelton (#5883)
tpeterson@petersonbaker.com    601 S. Arlington Avenue
8  701 S. 7th Street    Reno, Nevada 89509
Las Vegas, NV 89101

*/s/ Nathalie Huynh*
10  Thomas C. Hardy (*pro hac vice*)    Nathalie Huynh (#5997)
thardy@reedsmith.com    601 S. Arlington Avenue
REED SMITH, LLP    Reno, Nevada 89509
10 S. Wacker Dr., 40th Floor
12  Chicago, Illinois 60606    *Plaintiffs in Propia Persona*
*And Attorneys for JHB*

13  *Attorneys for Defendant Rocky Mountain
Hospital and Medical Service, Inc. d/b/a
14  Anthem Blue Cross and Blue Shield and
HMO Colorado, Inc. d/b/a HMO Nevada*

17  **ORDER**

18  **IT IS SO ORDERED.**

20  _____
UNITED STATES MAGISTRATE JUDGE

23  Dated: February 13, 2025