UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Steven P. Brazelton, et al., | Case No. 2:24-cv-00994-GMN-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| Rocky Mountain Hospital and Medical Services, et al., | |
| Defendants. | |

Before the court is a stipulation to seal the notice of subpoenas (ECF No. 32). ECF No. 37. Because this Court finds good cause to seal the notice of subpoenas ("notice"), it grants the stipulation.

**I.    ANALYSIS**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted).

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good

1   cause exists to protect the information from being disclosed to the public by balancing the needs
2   for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted).
3         Given the "weaker public interest in nondispositive materials," the court applies the good
4   cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.*
5   "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause
6   of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply
7   with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is
8   within the court's discretion whether to seal documents. *Id.* at 679.
9         Plaintiffs erroneously filed the notice (ECF No. 32) on the docket. ECF No. 37 at 2. The
10  notice relates to discovery and is neither dispositive nor more than tangentially related to the
11  underlying cause of action. As a result, the good cause standard applies.
12        First, the Court notes that stipulated protective orders alone do not justify sealing court
13  records. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003)
14  (noting that reliance on a blanket protective order, without more, will not make a showing of
15  good cause). So, although the parties state that Plaintiffs' filing of the notice violates the
16  stipulated protective order, this does not meet good cause. However, the parties also explain that
17  the notice reveals the birth date and sensitive medical treatment of Plaintiffs' child, JHB. *See*
18  ECF No. 32. Having reviewed the notice, this Court finds that the need for confidentiality of
19  JHB's medical treatment and personal information outweighs the public's need to access the
20  notice of subpoenas. Accordingly, there is good cause to seal the notice.

21  **II.   CONCLUSION**
22  IT IS THEREFORE ORDERED that the Stipulation to Seal the Notice of Subpoenas
23  (ECF No. 37) is GRANTED. The Clerk's Office is kindly directed to seal ECF No. 32.

25  DATED: March 7, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE